**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

JOSYF CHAMBERS,                                    :
                                                   :
                    Plaintiff,                     :        18-CV-7823 (OTW)
                                                   :
                    -against-                      :        **OPINION & ORDER**
                                                   :
CONE HEADS LTD, et al.,                            :
                                                   :
                    Defendants.                    :
                                                   :
                                                   :
-------------------------------------------------------------x

    **ONA T. WANG**, **United States Magistrate Judge:**

    Plaintiff brings this action against Cone Heads Ltd. ("Coneheads") and Terrence G. Swire

("Swire") (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA")

and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay overtime at the statutory rate,

unpaid overtime, unpaid wages, failure to pay minimum wages, unpaid "spread of hours"

premiums,  violation of notice and record keeping requirements, failure to provide wage

statements, and failure to reimburse work-related expenses. (ECF 1). Plaintiff and Defendants

reached a settlement and now seek Court approval of their proposed settlement agreement

under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have

consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 52). For the reasons

below, the Court **APPROVES** the request to approve the settlement agreement.

**I.      Background[1]**

    Defendants were involved in the business of providing cone and flagging services to

_____

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

various clients. (ECF 1 at 3). Plaintiff was employed by Defendants to perform manual work such as flagging and driving from in or around May 2017 to in or around May 2018, and was paid a regular rate of $11 - $13 dollars per hour. (*Id*.) Plaintiff worked 5 – 7 days and approximately 50 – 100 hours per week. (*Id*.) He worked up to 14 or more hours per day. (*Id*.)

Plaintiff alleged he was paid at his regular rate for overtime hours and was not paid any wages for about 4 – 5 hours per week. (*Id*. at 4). He further alleged that he was required to use his own vehicle to transport supplies and equipment and was never reimbursed for the use of his vehicle. (*Id*.)

## II.    Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a.  Range of Recovery

Plaintiff alleges a recovery against Defendants under FLSA and NYLL to be approximately $28,645 ($5,802.50 in wages, $3,520 in vehicle expenses, $10,000 in statutory damages, and $9,322.50 in liquidated damages). (ECF 43 at 1-2). The proposed settlement amount is $32,500. (*Id*. at 2). Of the total settlement amount, Plaintiff would receive $12,000 and Plaintiff's counsel would then take $20,500 in fees and costs. (*Id*. at 2). The Plaintiff's settlement amount thus represents approximately 42% of Plaintiff's alleged damages.[2] Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b.  Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (*See generally* ECF 1, ECF 8; *see also* ECF 43).

### c.  Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations, including the use of a mediator through the court-annexed mediation program, and there is no evidence to the contrary. (ECF 53 at 3).

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

**d.  Risk of Fraud or Collusion**

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

**e.  Additional Factors**

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees and costs award of $20,500 is reasonable despite the amount representing approximately 63% of the total settlement amount. Courts in this circuit "typically approve attorneys' fees that range between 30 and 33 1/3 %." *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-cv-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017). However, the Second Circuit has also held that there is no proportionality requirement and that the FLSA "simply provides

for a 'reasonable attorney's fee' to be paid by the defendant." *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020).

The fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement.[3] The parties participated in the court-annexed mediation program, several conferences, prepared and filed numerous pre-trial documents, and represented that they were able to settle the case after extensive negotiations only days before a bench trial was scheduled to begin. Were it not for these specific facts, the Court would almost certainly find, as other Courts in this circuit have, that a fee award comprising such a large proportion of the total settlement award is not reasonable.

## III.    Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: June 23, 2020                                    **Ona T. Wang**
       New York, New York                          United States Magistrate Judge

---

[3] After deducting the costs stated by Plaintiff's counsel in his motion for settlement approval, the total fee award requested is $19,942. (ECF 43 at 2). The billing records state that Plaintiff's counsel spent 98.56 hours on this case at a "reduced" billing rate of $450 per hour for a total of $45,350.50. (ECF 43-2 at 1-8). Because the Court finds the **requested** fees to be reasonable, it will not address whether the rate and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.